NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal No. 12-602 (CCC) |
| CHIKEZIE ONYENSO | OPINION |
| Defendant. | |

CECCHI, U.S.D.J.

## INTRODUCTION

This matter comes before the Court on the *motion in limine* of Defendant Dr. Chikezie Onyenso to exclude the handwritten notes of K.B., a witness for the Government. The Government has opposed the motion. The Court held oral argument on this matter on June 26, 2013. For the reasons that follow, Defendant's motion to exclude is denied.

## BACKGROUND

The Superseding Indictment in this case charges Defendant with participating in a kickback scheme to defraud the Medicare and Medicaid programs through the receipt of "lease" payments, cash and other remuneration in exchange for the referral of patients to Orange Community MRI ("Orange MRI") for diagnostic tests, from July 2010 through December 2011. (Superseding Indictment, Counts I-III).

K.B., a consultant for Orange MRI and a cooperating witness in this case, recorded on a monthly basis, a handwritten list of doctors alleged to be participating in the kickback scheme, as

well as the amounts to be paid, derived from a mathematical formula. See Gov't Letter, Docket Entry No. 53 at 2. K.B. was then responsible for delivering envelopes containing the kickback money to participating doctors. See Id. K.B. is expected to testify at trial, and Defendant seeks exclusion of K.B.'s handwritten notes as inadmissible hearsay. The Government asserts that the notes are business records, and therefore admissible under Fed. R. Evid. 803(6).[1]

## **LEGAL STANDARD**

The parties agree that the admissibility of the handwritten notes at issue is governed by Fed. R. Evid. 803(6).[2] In the Third Circuit, a party seeking to admit evidence as a business record must lay a foundation with a qualified witness who will testify that: 1) the declarant in the records had knowledge to make accurate statements, 2) the declarant recorded the statements contemporaneously with the actions which were the subject of the reports, 3) the declarant made the record in the regular course of the business activity, and 4) such records were kept regularly by the business. United States v. Furst, 886 F.2d 558, 571 (3d Cir. 1989). Rule 803(6)(D) requires that the above conditions be authenticated by the custodian of the records or another "qualified witness." Fed. R. Evid. 803(6)(D). Additionally, Rule 803(6) precludes the admission of a business record if "the source of information [or] the method or circumstances of preparation indicate a lack of trustworthiness." Fed. R. Evid. 803(6)(E).

Rule 803(6) favors admissibility if the evidence has any probative value whatsoever. See United States v. Kaiser, 609 F.3d 556, 574 (2d Cir. 2010) (quoting United States v. Williams, 205 F.3d 23, 34 (2d Cir. 2000)); see also In re Japanese Elec. Prod. Antitrust Litig., 723 F.2d 238, 289

---

[1] In order for K.B.'s handwritten notes to be admissible at trial, K.B. must satisfactorily testify as to all requirements set forth below.
[2] Although the Government has not conceded that K.B.'s handwritten notes constitute hearsay, they will be treated as such for purposes of this Opinion. See Gov't Letter, Docket Entry No. 53 at 1 n.1.

(3d Cir. 1983) (overruled on other grounds, Matsushita Elec. Indust. Co., Ltd. V. Zenith Radio Corp, 475 U.S. 574 (1986)). Records should therefore be excluded only when the circumstances of the case raise questions sufficient to overcome the presumption of reliability that exists in properly established business records. See United States v. Casoni, 950 F.2d 893, 909 (3d Cir. 1991) (a presumption of accuracy exists for records properly kept in the ordinary course of business); see also United States v. Langford, 647 F.3d 1309, 1327 (11th Cir. 2012) (reliability is the touchstone of a business records determination), United States v. Skeddle, 981 F. Supp. 1069, 1073 (N.D. Ohio. 1997) (records kept as part of a regular routine have special guarantees of trustworthiness, and should be admitted unless circumstances indicate a lack of reliability).

## ANALYSIS

The Court finds that upon K.B.'s expected foundational testimony, the handwritten notes meet the first four requirements of Furst and Fed. R. Evid. 803(6). As he will presumably testify, K.B. himself was the author and custodian of the handwritten list of doctors, see Gov't Letter, Docket Entry No. 53 at 2-3, and therefore had sufficient knowledge of the records and is qualified to testify as to their accuracy.

Defendant contends that the records were not generated as a regular practice or in the ordinary course of business, but were instead created at the Government's request while K.B. was acting as a Government agent. See Def. Letter Docket Entry 38 at 4. However, the Government contends, and K.B. will likely testify, that K.B. kept a list of payments every month for over two years, and did so based on new information each month. Gov't Letter, Docket Entry No. 53 at 2. K.B.'s transition to a new medium (keeping the list on paper instead of subsequently destroyed sticky notes) does not destroy their admissibility. See Kaiser, 609 F.3d at 575 (handwritten notes from phone calls were a regular business practice even if not

mechanically generated). Furthermore, a business record otherwise kept regularly does not lose its admissibility simply because it was requested by the Government for use in an investigation. See United States v. Fujii, 301 F.3d 535, 539 (7th Cir. 2002) (requested printouts did not lose their status as business records simply because they were requested by the INS). Therefore, the Court finds that the handwritten notes were in fact part of a regular practice and were kept in the regular course of K.B. and Orange MRI's business, meeting the initial requirements of Furst and Fed. R. Evid. 803(6).

Defendant further contends that K.B.'s status as a government agent, the request of the Government that K.B. keep the records, and K.B.'s desire to avoid a subsequent prosecution all render "the source of the information [or] the circumstances of preparation" sufficiently untrustworthy to prevent their admission at trial. Fed. R. Evid. 803(6). As noted above, the fact that the Government requested the records does not affect their status as business records. Furthermore, the use of records in an illegal enterprise similarly does not prevent them from being admitted as business records. See Jackson, 636 F.3d at 693 (drug ledgers admissible so long as properly authenticated), United States v. Aldea, 174 F. App'x 52, 57 (3d Cir. 2006), United States v. Cooper, 868 F.2d 1505, 1514 (6th Cir. 1989) (book of prescriptions admissible as a business record even though the entire business was the creation and sale of forged prescriptions).

Defendant also argues that the records were created in preparation for litigation, weighing against their admissibility. See Def Letter, Docket Entry No. 38 at 3-4. Although Defendant is correct that records created *specifically* for the purpose of pending litigation may encounter issues of untrustworthiness, see Palmer v. Hoffman, 319 U.S. 109 (1943), the mere existence of pending litigation or an alternative motive does not require a blanket ban on legitimate business

records. See United States v. Casoni, 950 F.2d 893, 911 n.10 (3d Cir. 1991) (noting that although trustworthiness is a factor that must be considered in determining the admissibility of business records, there is no requirement in Rule 803(6) that the records be created before a possible motive to falsify arises). In situations where a record is created *primarily* because it will help a party prepare for upcoming litigation, as was the case in Palmer, it is likely untrustworthy and should be excluded. See Certain Underwriters at Lloyd's, London v. Sinkovich, 232 F.3d 200, 205 (4th Cir. 2000) (excluding report prepared by an employee specifically hired for future litigation). In the present case, K.B. made a monthly list of payments to doctors for the primary reason of maintaining accuracy in his payments to doctors. Although the Government asked him to change the medium of the notes and to alter his practice by keeping the records after their immediate use, the fundamental practice remained the same. Gov't Letter, Docket Entry No. 53 at 2-3. Because the fundamental purpose of K.B.'s creation of the list was not altered by the prospect of litigation or prosecution, this alone cannot render the notes inadmissible.

Moreover, K.B.'s need for accuracy in recordkeeping as a means of continuing the conspiracy weighs in favor of the admissibility of the records. When the accuracy of a record is an important part of any venture, and an employee is motivated to keep accurate records to allow the enterprise to continue, the record is inherently more reliable. See United States v. Rybicki, 38 Fed. App'x 626, 632 (2d Cir. 2002), Ebenhoech v. Koppers, 239 F. Supp. 2d 455, 463 (D.N.J. 2002); see also United States v. Pelullo, 964 F.2d 193, 202 (3d Cir. 1992) (discussing the inherent accuracy of such records in the context of Fed. R. Evid. 803(24)'s residual hearsay exception). This inherent reliability stems from the idea that if a witness has to rely on the specific records, there is little reason to falsify the records. See United States v. Hedman, 630 F.2d 1184, 1198 (7th Cir. 1980). In this case, K.B. had to rely on the accuracy of the records in

5

carrying out the payments to doctors, because he not only had to account to his co-conspirator C.P., but he also had to ensure that he was paying each doctor the proper amount of money. See Gov't Letter, Docket Entry No. 53 at 3.

Defendant further relies on the Third Circuit's decision in United States v. Casoni, 950 F.2d 893 (1991), for the argument that K.B.'s ulterior motives preclude the admissibility of the handwritten notes. However, the circumstances in this case are quite different. In Casoni, an attorney sought to admit notes from an interview conducted over a year earlier, and sought to affirmatively use those notes to gain immunity for his client. Id. Central to the Court's exclusion of the record was the large delay in time before the notes were reported, a factor not present here. Id. at 909. Additionally, the notes in Casoni were not a ministerial record like the notes in this case, but rather a product of the attorney's work, a "tool of controversy" designed to achieve a specific goal. Id. at 912. The Casoni court found that the manner of preparation was such a heavy influence on their use, that the notes were not sufficiently trustworthy for admission at trial. Id. Because K.B.'s notes, unlike those in Casoni, were regularly and contemporaneously kept, ministerial in nature, and reported immediately, Casoni does not apply, and the notes are sufficiently trustworthy.

Finally, even if K.B.'s motives are subject to question, because he will be present and testifying at trial, and will be subject to cross-examination, the threat of harm from potentially untrustworthy records is greatly diminished, lowering the degree of liability required. See Hedman, 630 F.2d at 1184 (citing United States v. McPartlin, 595 F.2d 1321 (7th Cir. 1979)). Any further questions that may arise regarding K.B.'s motives or trustworthiness at trial may be directed to the weight of the evidence rather than its admissibility. See Muller-Paisner v. TIAA, 12-3579-CV, 2013 WL 3064858, at *3 n.2 (2d Cir. June 20, 2013) (citing Kaiser, 609 F.3d at

576 (noting that once the requirements of a business record are met, questions about trustworthiness affect the weight, not admissibility of the evidence).

## CONCLUSION

For the reasons set forth above, Defendant's motion to exclude K.B.'s handwritten notes is denied. An appropriate Order accompanies this Opinion.

_____
CLAIRE C. CECCHI, U.S.D.J.

DATED: September 20, 2013